IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LESLIE GARRISON,** § <br> **(Reg. No. 054154-177),** § <br> § <br> Plaintiff, § <br> vs. § <br> § <br> **WARDEN CARR,** § <br> **FMC Carswell, et al.,** § <br> § <br> Defendants. § | Civil Action No. 4:21-CV-488-P |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Leslie Garrison's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the amended complaint and supplemental more definite statement, the Court concludes that Plaintiff's claims against some defendants must be dismissed, but that she may obtain service of her claims against Warden Carr.

**BACKGROUND/PLAINTIFF'S PLEADINGS**

Garrison initiated this suit by filing a voluminous handwritten civil-rights complaint. Compl. 1-84, ECF No. 1. In response to a Court order informing Garrison that such claims brought by prisoners must be presented on the Court's civil-rights complaint form, Garrison completed a prisoner civil-rights complaint form as an amended complaint. Am. Compl. 1-7,

ECF No. 8.[1] In the amended complaint, Garrison names as defendants FMC-Carswell Warden Carr, FMC-Carswell, and the Bureau of Prisons. Am. Compl. 3, ECF No. 8. In her statement of claim in the amended complaint, Garrison writes the following conclusory statements: "8th Amendment violations, cruel and unusual punishment, deliberate indifference, rotten slimy food, no soap, no hygiene, no social distancing, no PPE gear." Am. Compl. 4, ECF No. 8.

The Court then issued an order for more definite statement, directing plaintiff Garrison to provide answers to the Court's particular questions in a more definite statement. ECF No. 8. Although Garrison initially filed a document titled as a "more definite statement," after review, the Court issued a deficiency order, noting that the document did not provide Garrison's own facts in response to the Court's order, but instead incorporated numerous other allegations unrelated to her claims. ECF Nos. 12, 13. The Court provided Garrison an extension to file a supplemental more definite statement that included her own answers to the Court's specific questions. ECF No. 13. When Garrison did not timely respond by the Court's deadline, the Court issued an Order and Judgment dismissing the case for lack of prosecution. ECF Nos. 15, 16. As Garrison then filed a motion construed as seeking relief from judgment (ECF No. 17), and then filed a supplemental more definite statement as previously required (ECF No. 18), the dismissal was vacated and the case placed back on the active docket. ECF

---

[1] As an amended complaint supersedes the original pleading, the Court reviews only the amended complaint. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) (noting that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same).

2

No. 19. Thus, Garrison's supplemental more definite statement will be reviewed with her amended complaint.

### A. Garrison's Partial Failure to Comply with the Court's Order

The Court's order for more definite statement directed Garrison to provide answers to seven questions, with question 1 having four sub-parts (1)(A)-(D). MDS 2-3, ECF No. 11. The order also provided "Plaintiff must respond to the inquires and question by writing the answers in paragraphs numbered to correspond to the number of each inquiry or request." *Id.* at 3. Although Garrison has partially complied, she has also provided attachment pages not responsive to the Court's order, including: a declaration (pages 13-17); several "Document pages" (pages 18-20); and copies of a newspaper article (pages 21-24). Suppl. MDS 13-24, ECF No. 18. As these surplus pages are not provided in response to the Court's questions, they will not be considered by the Court.

### B. Garrison's Claims

Throughout the remaining pages of the supplemental more definite statement, Garrison brings more particularized allegations against Warden Carr, including that he: "held [her] with three others" in a cell designed for one person; refused her direct requests to be seen by medical staff; failed to properly train the prison staff to "handle a pandemic," [and] to "treat and care for female lives;" and stated in her presence that [the inmates] were a "damn bunch of lowlifes, like I give a shit about what they want/need, God they whine !" Suppl. MDS. 3-10, ECF No. 18. Garrison's claims for relief include policy changes, persons being fired, release, and health insurance for life, which the Court liberally construes as a request for

injunctive and monetary compensation. Am. Compl. 4, ECF No. 5.

## LEGAL STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)

Plaintiff Garrison is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Garrison is proceeding *in forma pauperis*, her pleadings are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation

4

of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

A.  **Defendant FMC-Carswell**

Garrison names as a defendant FMC-Carswell, although she does not assert any basis for her listing of this defendant in either the amended complaint or her supplemental more definite statement. Am. Compl. 3, ECF No. 8; Suppl. MDS 11, ECF No. 18. It is settled law, however, that a federal prison like FMC-Carswell is not a legal entity amenable to suit. *See Duhaney v. Gusman*, No. Civ. A. 06-3518, 2009 WL 1607915, at *3 (E,.D. La. June 2, 2009) (FDC-Houston is not a legal entity amenable to suit); *Christy v. Federal Bureau of Prisons*, No. Civ. A. 09-3044-SAC, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (U.S.P. Leavenworth is not a legal entity suable for civil rights violations) (citing *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D. N.Y. 1994)); *Nolan v. Hamidullah*, No. Civ. A. 4:07-1141-JFA-TER, 2007 WL 1726447 at *3 (D.S.C. Jun. 12, 2007) (Estill Federal Correctional Institution is not a proper party in a *Bivens* action); *Tolliver v. Edgefield Corr. Inst.*, No. 0:06-0903-PMD, 2006 WL 1391447 at *2 (D.S.C. May 16, 2006) (FCI Edgefield is not a person for purposes of a *Bivens* action). Therefore, Plaintiff's claims against her federal prison facility are frivolous and fail to state a claim upon which relief can be granted.

B.  **Defendant Federal Bureau of Prisons**

Garrison also sues the Federal Bureau of Prisons. She contends the Bureau of Prisons allowed Warden Carr's behavior and failed to respond to her family's contacts. Suppl. MDS

11, ECF No. 18. The Federal Bureau of Prisons is an agency and not an individual officer of the sort amenable to suit under *Bivens*. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1984) (noting that *Bivens* applies to individual agents, not agencies). A plaintiff may not bring suit for damages against a federal agency under *Bivens*. *See id.* Because the Bureau of Prisons is an agency, Garrison's *Bivens* claims against this defendant fail as a matter of law.

## C.  Defendant Warden Carr

The primary focus of Garrison's claims against defendant Warden Carr arise as stated in the amended complaint (ECF No. 8) and in her supplemental more definite statement, (ECF No. 18), summarized above. Construed liberally, Garrison has alleged facts against Warden Carr that entitle her to service of her amended complaint and supplemental more definite statement on Warden Carr. Thus, the Court will allow service of Garrison's claims against Warden Carr through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F. 2d. 1109-1110 (5th Cir. 1987). [2]

## CONCLUSION and ORDER

Based on the foregoing, it is therefore **ORDERED** that Garrison's supplemental more definite statement pages 13 through 24 will not be considered by the Court, and need not be addressed by the responding defendant.

It is further **ORDERED** that plaintiff Leslie Garrison's claims against defendants

---

[2] A separate order will issue regarding service of Garrison's claims upon Warden Carr.

FMC-Carswell and the Federal Bureau of Prisons are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **2nd day** of **September, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE