UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LESLIE GARRISON,
(Reg. No. 54154-177),

        Plaintiff,

vs.                                                                 Civil No. 4:21-CV-488-P

WARDEN CARR,
FMC Carswell, et al.,

        Defendants.

### MEMORANDUM OPINION & ORDER

This case was filed by Bureau of Prisons ("BOP") inmate/plaintiff Leslie Garrison ("Garrison") asserting claims against government defendants and individual government defendant FMC-Carswell Warden Carr. Am. Compl. 1-7, ECF No. 8; Supplemental More Definite Statement ("Suppl. MDS"), ECF No. 18. By Opinion and Order of Partial Dismissal and Federal Rule of Civil Procedure 54(b) Judgment, the Court dismissed all claims against defendants FMC-Carswell and Federal Bureau of Prisons under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and allowed service of Garrison's claims upon defendant Carr. Order and Judgment, ECF Nos. 20, 21. Now pending is the motion to dismiss or alternative motion for summary judgment of defendant Carr (ECF No. 29), along with a brief in support (ECF No. 30), and an appendix (ECF No. 32). Plaintiff Garrison has not filed any response and has had sufficient time to do so. After considering the relief sought by Garrison, the record, briefing and applicable law, the Court concludes that Carr's motion for summary judgment must be **GRANTED**, and all Garrison's remaining claims must be **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

### BACKGROUND/PLAINTIFF'S PLEADINGS

Garrison initiated this suit by filing a voluminous handwritten civil-rights complaint. Compl. 1-84, ECF No. 1. In response to a Court order informing Garrison that such claims brought by prisoners must be presented on the Court's civil-rights complaint form, Garrison completed a prisoner civil-rights complaint form as an

amended complaint. Am. Compl. 1-7, ECF No. 8. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) (noting that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect). Garrison named as defendants FMC-Carswell Warden Carr, FMC-Carswell, and the Bureau of Prisons. Am. Compl. 3, ECF No. 8. In her statement of claim in the amended complaint, Garrison wrote the following conclusory statements: "8th Amendment violations, cruel and unusual punishment, deliberate indifference, rotten slimy food, no soap, no hygiene, no social distancing, no PPE gear." Am. Compl. 4, ECF No. 8.

The Court then issued an order for more definite statement, directing plaintiff Garrison to provide answers to the Court's particular questions in a more definite statement. ECF No. 8. Although Garrison initially filed a document titled as a "more definite statement," after review, the Court issued a deficiency order, noting that the document did not provide Garrison's own facts in response to the Court's order, but instead incorporated numerous other allegations unrelated to her claims. ECF Nos. 12, 13. The Court provided Garrison an extension to file a supplemental more definite statement that included her own answers to the Court's specific questions. ECF No. 13. When Garrison did not timely respond by the Court's deadline, the Court issued an Order and Judgment dismissing the case for lack of prosecution. ECF Nos. 15, 16. As Garrison then filed a motion construed as seeking relief from judgment (ECF No. 17), and then filed a supplemental more definite statement as previously required (ECF No. 18), the dismissal was vacated and the case placed back on the active docket. ECF No. 19. Thus, Garrison's supplemental more definite statement will be reviewed with her amended complaint.

### A. Garrison's Partial Failure to Comply with the Court's Order

The Court's order for more definite statement directed Garrison to provide answers to seven questions, with question 1 having four sub-parts (1)(A)-(D). MDS 2-3, ECF No. 11. The order also provided "Plaintiff must respond to the inquires and question by writing the answers in paragraphs numbered to correspond to the number of each inquiry or request." *Id.* at 3. Although Garrison partially complied, she also provided attachment pages not responsive to the Court's order, including: a declaration (pages 13-17); several "Document pages" (pages 18-20); and copies of a newspaper article (pages 21-24). Suppl. MDS 13-24, ECF No. 18. As noted previously by the

Court, these surplus pages were not provided in response to the Court's questions, and are not considered.

### B. Garrison's Claims

Throughout the remaining pages of the supplemental more definite statement, Garrison brings more particularized allegations against Warden Carr, including that he: "held [her] with three others" in a cell designed for one person; refused her direct requests to be seen by medical staff; failed to properly train the prison staff to "handle a pandemic," [and] to "treat and care for female lives;" and stated in her presence that [the inmates ] were a "damn bunch of lowlifes, like I give a shit about what they want/need, God they whine !" Suppl. MDS. 3-10, ECF No. 18. Garrison's claims for relief include policy changes, persons being fired, release, and health insurance for life, which the Court liberally construes as a request for injunctive and monetary compensation. Am. Compl. 4, ECF No. 5.

## SUMMARY JUDGMENT EVIDENCE

As noted, Defendant Carr has filed an appendix in support of the motion for summary judgment that includes a total of six pages of records. App. 1-6, ECF Nos. 32, 32-1. In particular, the appendix includes the December 16, 2021 Declaration of Bureau of Prisons ("BOP") Health Services Administrator Michaela Chano with a BOP vaccination record. App. 1-3 (Chano Declaration 1-2), ECF No. 32-1. The appendix also includes the December 16, 2021 Declaration of Churee Costly with one BOP Administrative Remedy Retrieval record. App. 4-6, (Costly Declaration), ECF No. 32-1. Chano's declaration and record confirms that Garrison has received two vaccinations. App. 1-3. ECF No. 32-1. Costly's declaration and the BOP Sentry record also shows that Garrison has "not filed any administrative remedies during her time in BOP custody." App. 4 (Costly Declaration), ECF No. 32-1. Plaintiff has not provided any summary judgment evidence in response to the summary judgment motion.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it

3

"might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To demonstrate that a particular fact cannot be genuinely in dispute, a defendant movant must (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or (2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, the FMC-Carswell plaintiffs] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g. Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since

exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

## ANALYSIS

### A.   Prison Litigation Reform Act ("PLRA") Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (citing *Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available" and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth*, 532 U.S. at 736. As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion,

5

the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits. *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 265) (internal quotations omitted). And, exhaustion must have occurred *before* the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2021); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than any amended complaint). Also, when a prisoner can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice. *See Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F. 3d 278, 280-81 (5th Cir. 2006) (per curiam). Courts are not "to inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (internal quotation marks omitted) (citing *Booth*, 532 U.S. at 740 n. 5; *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

    **B.    Application of Exhaustion to Garrison's BOP Records**

As an inmate at FMC-Carswell, plaintiff Garrison was required to exhaust the BOP's multi-step grievance process prior to filing her lawsuit. *See Hicks v. Garcia*, 372 F. Appx. 557, 557 (5th Cir. 2010) (per curiam) (citing 28 U.S.C. § 1997e(a)) ("Under the Prison Litigation Reform Act, inmates must exhaust 'such administrative remedies as are available' prior to bringing a civil action"). As relevant to Garrison as a federal inmate, codified BOP regulations define the grievance procedures. *See* 28 C.F.R. §§ 542.10 *et seq*. A prisoner must first attempt to informally present the issue to staff. 28 C.F.R. § 542.13(a). If that fails, the prisoner may then submit a "Request for Administrative Remedy" to the prison's warden. *Id.* at §§ 542.13(a), 542.14. If the prisoner is not satisfied with the warden's response, she may appeal to the BOP's regional director. *Id.* at § 542.15(a). If the prisoner is unsatisfied with the regional director's response, she may appeal to the BOP's general counsel. *Id.* The regulations also provide that if a "request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare", the Warden must respond within three days after filing. *Id.* at § 542.18. As this Court has explained, "[a]dministrative remedies have not been exhausted until the inmate's claim has been filed at all levels

and has been denied at all levels." *Wood v. Carr*, No.4:20-CV-1365-P, 2021 WL 2207202, at *3 (N.D.Tex. June 1, 2021).

Here, a review of the administrative-remedy records maintained by the BOP in the ordinary course of business show that plaintiff Garrison did not timely exhausted administrative remedies. Specifically, as explained in the declaration of BOP official Churee Costly submitted in support of the summary judgment motion, Garrison has not filed any administrative remedies with respect to her allegations in this lawsuit prior to filing suit or at all. App. 4-5 (Costly Declaration); (Administrative Remedy History Record for Garrison), ECF No. 32-1.

As noted above, Garrison has not responded to Carr's summary judgment motion. Even if Garrison could argue that she should be excused from the exhaustion requirement or that administrative remedies were somehow unavailable to her, that argument must fail. The Fifth Circuit has held that exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion. Time and again, [the Supreme] Court has taken such statutes at face value—refusing to add unwritten limits onto their rigorous textual requirements." *Ross v. Blake*, 578 U.S. at 639 (citations omitted). "And there is no COVID exception to the PLRA's exhaustion requirement." *Valentine v. Collier*, 993 F.3d 270, 294 (5th Cir. 2021) (Oldham, J., concurring). Here, the record shows that Garrison did not exhaust her administrative remedies and thus, her remaining claims are barred.

## CONCLUSION

For the reasons stated, plaintiff Garrison fails to identify any genuine issue of material fact concerning the availability of the administrative remedies or explanation for her failure to exhaust. Garrison could have exhausted administrative remedies prior to filing suit, but did not. Therefore, summary judgment in defendant Carr's favor is warranted.[1]

---

[1] Defendant Carr separately moved to dismiss on several grounds. Mot. Dismiss, ECF No. 29; Carr Brief 10, 14-23, ECF No.30. Because all remaining claims in this case

## ORDER

It is therefore **ORDERED** that defendant Carr's motion for summary judgment on the basis of exhaustion of administrative remedies (ECF No. 29) is **GRANTED,** such that all plaintiff Leslie Garrisons's remaining claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED** on this **29th day** of **March, 2022**.

*Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

must be dismissed on the basis of lack of exhaustion, the Court does not reach the arguments in the motion to dismiss.